(Decided June 3rd, 1864.)

SAMUEL BRATT *vs.* COMFORT C. BRATT, ADM'X OF JOHN BRATT, DECEASED.

ESTATES FOR YEARS: VENDOR'S LIEN: EQUITY JURISDICTION.—A leasehold estate under a lease for ninety-nine years, renewable forever, so far partakes of the realty that the title can only pass by deed, executed with all the solemnities which are prescribed by law for the sale and conveyance of real estate, differing in all respects from the sale and transfer of personal chattels, which may pass by simple delivery accompanying the sale; and a Court of Equity may decree a sale of such property to satisfy a vendor's lien for the unpaid purchase money.

EQUITY JURISDICTION: APPEALS.—By the express terms of the ACT OF 1841, ch. 163, the appellant, without any appearance, or making any defence in

the Circuit Court, is not permitted to come into the Appellate Court and except to the jurisdiction of the Circuit Court as a Court of Equity.

Under the CODE, ART. 16, SEC. 130, a defendant cannot take the objection, that the complainant should have shown by the allegations in the bill that she had exhausted her remedy at law against the defendant, or have satisfied the conscience of the Court from the evidence in the cause, that a prosecution of her claim at law would not have availed for the payment of her claim.

——: VENDOR'S LIEN.—Where the complainant's claim is a vendor's lien, it is certainly competent for a Court of Equity, upon an adjustment of the unsettled accounts between the complainant and defendant, to enforce the payment of the unpaid purchase-money by a sale of the property upon which the claim rested.

——: PAROL EVIDENCE.—And the recital in the defendant's deed, of the payment of the purchase money, may be rebutted by evidence.

EQUITY PRACTICE: ACCOUNT: VENDOR'S LIEN.—But where the proceeding is ex-parte, upon default of appearance by the defendant, the cause is not ready for a final decree until after it has been referred to the auditor and an account is stated between the parties. More especially where the complainant sets out in her bill the defendant's refusal to come to a settlement, because there were unsettled accounts between them, and in the prayer of the bill prays for an account.

EVIDENCE: VENDOR'S LIEN.—In a proceeding in equity by an administratrix to enforce a vendor's lien, the deed from the administratrix, in which she is described as such to the defendant, is sufficient evidence of the capacity in which she sues.

APPEAL from the Circuit Court for Baltimore County:

The bill in this case was filed on the 13th day of November 1858, by the appellee, to enforce a vendor's lien against certain leasehold estate sold by her to the appellant. The facts of the case are fully stated in the opinion of this Court.

The cause was argued before BOWIE, C. J., and BARTOL and GOLDSBOROUGH, J.

*Samuel Snowden,* for the appellant:

The appellant contends that the decree is erroneous, upon the following grounds:

1st. That the appellee has no lien against the leasehold property sold by her to the appellant for the purchase

money, or any part thereof. *Winchester vs. Brooks,* 2 *H. & J.,* 1. *Lupin vs. Marie,* 6 *Wend.,* 77. *James vs. Bird,* 8 *Leigh,* 510. *Beam vs. Blanton,* 3 *Ired. Eq.,* 59. *Bottorf vs. Conner,* 1 *Blackf.,* 287. *Springer vs. Walters,* 34 *Penn. S. R.,* 328. *Woods vs. Burrough,* 2 *Head.,* 202. *Pratt vs. Vanwyck's Executors,* 6 *G. & J.,* 495. The Code, Art. 16, sec. 130, does not apply to this case, the proceedings being pending before its adoption.

2d. There is not sufficient evidence in the record to show that the appellee was entitled to the relief granted by the decree, because there is no proof of the insolvency of Samuel Bratt, nor that the appellee had exhausted her remedies at law against him. *Pratt vs. Vanwyck's Executors,* 6 *G. & J.,* 495. *Richardson vs. Stillinger,* 12 *G. & J.,* 477. *Ridgaway vs. Toram,* 2 *Md. Ch. Dec.,* 303. *Eyler & Matthews vs. Crabbs,* 2 *Md. Rep.,* 153.

3d. There is no proof in the record to show that the appellant was, at the time of the taking of the testimony, indebted to the appellee on account of the purchase money, whilst there is proof to show that the whole purchase money was paid by the appellant at the time of the purchase.—Exhibit A.

4th. That at the time the decree was passed the case was not ready for final decree, but should have been referred to an auditor to state an account between the parties, so that the true amount of indebtedness might have been ascertained before final decree. *Wylie vs. McMakin,* 2 *Md. Ch. Dec.,* 413.

5th. That there is no proof in the record to show, that the appellee is administratrix of John Bratt, deceased.

6th. That these points are properly raised in this Court, notwithstanding the authorities referred to by the appellant's counsel. *Eyler & Matthews vs. Crabbs,* 2 *Md. Rep.,* 153. *Lippy vs. Masonheimer,* 9 *Md. Rep.,* 310. *Alex. Ch. Pr.,* 30. *Purviance vs. Dorsey,* 2 *G. & J.,* 311. And this case having been instituted prior to the adoption of the Code, sec. 130, of Art. 16, of Pub. Gen. Laws, does not

apply. Code of Pub. Gen. Laws, Art. 1, sec. 1. Art. 5, sec. 1, Sup. Code.

*Henry C. Wysham,* for the appellee :

1st Point. The appellee has a lien upon the leasehold property sold by her to the appellant. Code, Pub. Gen. Laws, Art. 16, sec. 130. *Elliott vs. Edwards,* 3 *Bos. & Pul.,* 181. 3 *Sugden on Vendors,* 188, 189. *Winter vs. Lord Anson,* 3 *Russell,* 492. *Matthew vs. Bowler,* 6 *Hare.,* 110. 2 *White & Tudor's Le. Ca.,* title *"Vendor's Lien."*

2d. The Court of Equity having assumed the jurisdiction, and there having been no objection made by the appellant in the Court below, this Court cannot take notice of his plea to the jurisdiction since the Act of 1841, ch. 153, and the objection is therefore made too late. *O'Neill vs. Cole,* 2 *Md. Rep.,* 107. *Knight vs. Brawner,* 14 *Md. Rep.,* 1. In *O'Neill vs. Cole,* pp. 109 and 110, the answer reserves exception to the jurisdiction, and yet the Court says, that it was not properly made, and it was too late to take the exception above.

3d. The evidence is clear that the defendant never paid the money, nor pretended to have paid any. The acknowledgment of payment of purchase money in a deed is only *prima facie* evidence, and may be contradicted or explained by parol. *Spalding vs. Brent,* 3 *Md. Ch. Dec.,* 414. *Wolfe vs. Huver,* 1 *Gill,* 84 and 90. *Gully vs. Grubbs,* 1 *J. J. Marshall,* 388.

4th. The averments in the bill do not raise the question of accounts, the exact amount due being ascertained and stated in the proof. The auditor's office was unnecessary, a reference to whom is discretionary with the Court. Code, Pub. Gen. Laws, Art. 29, p. 193, sec. 9. Also under the Act of 1861, ch. 33, the appellant is precluded from raising the question of accounts in this Court, not having done so in the Court below.

5th. There is no evidence that there are any accounts which the auditor could state. The bill is filed by an ad-

ministratrix, and there could be no set-off or account in bar except as against the complainant as administratrix. Such set-off or account in bar could not arise out of any claim of the defendant as distributee, because no distribution can be had until after the settlement of the administratrix against the defendant.

6th. The deed executed by the complainant, as administratrix, to the defendant, estops him from denying that she is administratrix. The account filed by her, (Exhibit B,) shows that she is administratrix. It is unnecessary to produce letters of administration, because she is not suing upon any claim of the late John Bratt, the intestate, but upon a contract between herself, as administratrix, and Samuel Bratt, the defendant.

GOLDSBOROUGH, J., delivered the opinion of this Court:

The bill of complaint which was filed in this case on the 13th day of November 1858, in the Circuit Court for Baltimore County, alleges, that the complainant, as administratrix of John Bratt, sold and conveyed to the appellant, certain leasehold property in the City of Baltimore, which belonged to her intestate,—the purchase money therefor, amounting to $9100; that at the time of the sale, there were outstanding mortgages against this property to the amount of $7000, for the payment of which, the appellant was allowed to retain that sum, leaving a balance due the complainant of $2100; that she did not take any note or obligation to secure the payment of this sum, and claims to hold a vendor's lien on the property for the same; that the appellant has wholly failed to pay the amount claimed, and resists the payment on the ground that there are unsettled accounts between the complainant and himself, and that she has repeatedly requested him to state his account, but has never been able to induce him to do so. The bill further prays that an account may be stated under the authority of the Court.

The appellant being summoned failed to appear and answer the bill, and a decree *pro confesso* was taken against him. A commission to take testimony *ex-parte* was issued; and on the return thereof, the Circuit Court passed a final decree directing the appellant to bring into Court the sum of $2100 by a day therein named, with interest from the 8th day of December 1852; failing so to do, the Court ordered the property conveyed to the appellant, to be sold for the payment of appellee's claim. From this decree this appeal was taken.

We are therefore to consider whether the allegations in the bill supported by the exhibits and testimony in the cause, will justify a Court of Equity in extending its aid in support of the appellee's claim. We entertain no doubt that the appellee is fully justified in claiming a vendor's lien on the leasehold property sold by her, and that the same may be enforced in this case in equity for unpaid purchase money. Such an estate as this, being for ninety-nine years, renewable forever, so far partakes of the realty that the title can only pass by deed executed with all the solemnities which are prescribed by law for the sale and conveyance of real estate, different in all respects from the sale and transfer of personal chattels, the title to which may pass by simple delivery accompanying the sale. The point made by the appellant, that the appellee has no lien against leasehold property, is not supported by the authorities cited by him. Those are cases relating to the sale of personal chattels, and we think the distinction is obvious.

The appellant, without any appearance, or making any defence in the Circuit Court, comes into this Court and excepts to the jurisdiction of the Circuit Court as a Court of Equity. This he is not permitted to do, by the express terms of the Act of 1841, ch. 163. In the case of *Knight & Wife, vs. Brawner & Dunnington*, 14 *Md. Rep.*, 1, this Court said: "That no objection to the *jurisdiction* appearing by the record to have been made in the Court below,

the Act of 1841, ch. 163, precludes the Appellate Court from considering the question.''

The appellant however contends, that the appellee should have shown by the allegations in her bill, that she had exhausted her remedy at law against the appellant, or have satisfied the conscience of the Court from the evidence in the cause, that a prosecution of her claim at law would not have availed to secure the payment of her claim.

There have been conflicting decisions on this question, which is now set at rest by the 130th section of the 16th Art. of the Code. We deem it unnecessary to express any opinion upon this point, as it is not material to the disposition of this case.

The complainant's right to resort to a Court of Equity, is clearly established by the allegations and prayer of her bill. She seeks to adjust conflicting claims, and a discovery of the appellant's unsettled accounts, that thereby she may, in her capacity of representative or trustee, properly dispose of the trust fund to those to whom it of right belongs.

It was certainly competent for the Court, upon an adjustment of the unsettled accounts between the appellant and appellee, in view of the character of her claim, which we have said was a lien upon the property sold, to enforce the payment of the unpaid purchase money by a sale of the property on which the lien rested.

For the reasons assigned, we cannot sanction the appellant's first, second and sixth points. As to the third, the only evidence of payment apparent in the record, is the recital in Exhibit A, which being but *prima facie*, is rebutted by the testimony taken under the commission. The fifth point is fully met by the statement in Exhibit A, the deed under which the appellant obtained his title to the property, and also by the other exhibits in the cause. We think the appellant's fourth point is substantially correct. "At the time the decree was passed, the cause was not ready for final decree, but should have been referred to the

auditor to state an account between the parties," more especially as the complainant set out in her bill the cause of the appellant's refusal to come to a settlement, because there were unsettled accounts between them, and, in the prayer of the bill, she prays for an account.

Without affirming or reversing the decree, we will sign a decree remanding the cause, that an account may be stated between the parties in conformity with the views expressed by us in this opinion.

<em>Cause remanded for further proceedings.</em>

(Decided June 3rd, 1864.)