(Decided 22d December, 1869.)

---

ISAAC BELL *vs.* WILLIAM GOSNELL, JOHN STEWART and HENRY D. SMITH.

*Equity Practice—Errors apparent of Law—Bill of Review.*

Under the law of this State, in determining " errors of law," alleged to be apparent on the face of the decree, the bill, answer, and other pleadings, together with the decree itself, will be looked at.

. Where errors apparent of law are assigned, they must consist of some defect disclosed upon the record, which, in law, is sufficient to vitiate and avoid the decree; a merely erroneous conclusion or judgment of the Court will not answer; these are the proper subjects of redress upon an appeal, and not by a bill of review.

A question as to the true amount of the vendor's lien, may be examined into upon an appeal from the decree, but cannot be made the subject of inquiry upon a bill of review assigning errors of law.

APPEAL from the Circuit Court of Baltimore City.

. On the 1st of November, 1858, a certain Maulden Perine executed and delivered to the appellant a bond of convey-

ance for the premises referred to in this case. The consideration named was $600, which the bond prescribed should be paid in monthly instalments of $20. Bell was put at once into possession of the premises, under the bond—by which he was, in the meantime, to pay ground-rent, taxes, &c. Bell made oath, in his bill of complaint, that it was agreed at the time, that these instalments should be paid in services, instead of money, and also that he did make full payment of the consideration.

About five years after the execution of the said bond of conveyance, viz., October 5th, 1863, Perine made an assignment of the same premises to the appellee, Gosnell, in consideration of $100.

This deed, after reciting that the premises were subject to a certain ground-rent, adds: "and subject also to the legal operation and legal effect of a bond of conveyance from the said Maulden Perine to Isaac Bell." The deed contained no other reference to the contract between Perine and Bell.

On June 22d, 1864, Gosnell filed his bill of complaint against Bell, in which it was alleged that the sum of $311.74 was due on account of the purchase-money; that ground-rent, amounting to $62.00, and taxes, amounting to $32.26, were also due. It also asserted a vendor's lien, and prayed that the premises might be sold.

The first subpœna was returned *non est.* A second was returned July 28th, 1864, "summoned." On the 6th August, 1867, an interlocutory decree, in default of appearance, was entered, and a commission issued *ex parte*, and on October 9th, 1867, the cause was submitted *ex parte*, and, without reference to the Auditor, a final decree passed. The decree adjudged that the sum of $416.63 was due from Bell to Gosnell, and in default of payment, directed that sale be made.

Sale thereunder was made, and the same finally ratified December 24th, 1867, and the proceeds were received by

the trustees. Bell filed his petition for leave to file a bill of review, on the ground of newly discovered testimony, but his petition was refused, and he was compelled to surrender possession.

On the 11th of May, 1868, Bell then filed his bill of review for errors of law apparent on the face of the decree. To this bill, the appellees demurred, and their demurrer was sustained, and the complainant's bill of review dismissed. From this order and decree of the Circuit Court this appeal is taken.

The cause was argued before BARTOL, C. J., STEWART, BRENT, MILLER and ALVEY, J.

*Albert Ritchie,* for the appellant.

In examining " errors apparent," under our practice, as distinguished from the English, the bill, answer, and other proceedings, (not including the evidence,) together with the decree, constitute the record. *Tomlinson vs. McKaig,* 5 *Gill,* 256–278; *Hollingsworth vs. McDonald,* 2 *H. & J.,* 237; *Dexter vs. Arnold,* 5 *Mason,* 303–310; *Whiting vs. Bank of U. S.,* 13 *Peters,* 14; *Webb vs. Pell,* 3 *Paige,* 375; 2 *Danl. Ch. Pr.,* 1631, (*n.*)

The errors alleged are such as fall within the reach of a bill of review. Any error which shows the decree to be erroneous, in point of law, as applied to the facts as they appear upon the pleadings and proceedings, is the subject of a bill of review. *Holman vs. Riddle,* 8 *Ohio,* 390; *Saum vs. Stingley,* 3 *Clark,* 514; *Eaton vs. Dickinson,* 3 *Sneed,* 397; *Webb vs. Pell,* 3 *Paige,* 371; *Evans vs. Clement,* 14 *Ill.,* 206.

Gosnell was not entitled to a vendor's lien, as assignee of Perine. Upon the assignment to Gosnell, there was a full satisfaction of Perine's claim; and there being no express assignment of the lien, it was therefore discharged.

The lien of a vendor is peculiar in its character, and is

Bell *vs.* Gosnell, Stewart and Smith.

not controlled by the principles which apply to liens in general. It is an incident to the contract of purchase, and it exists only when the parties stand in the relation to each other of vendor and vendee. It is the peculiar security and privilege of the *vendor*, and, as a general principle, when his claim is satisfied the lien is extinguished.

The office of this lien is not to enforce payment of the purchase-money to the utmost, regardless of the question to whom any balance may be payable; but it is to operate as a special security to the *vendor*. It is not an *onus* upon the vendee, but a privilege of the vendor.

The case of *Iglehart vs. Armiger*, 1 *Bland*, 522, goes so far as to hold, that the vendor's lien is not assignable, even by express contract. Though this position has been trespassed upon by later Maryland authority, it is submitted that *Iglehart vs. Armiger* is correct in principle on this point; and whatever departure has been taken from that case, has been a mutilation of the distinctive features of this lien. The following cases: 1 *Ohio*, 318; *Patterson vs. Edwards*, 29 *Miss.*, 67; *Walker vs. Williams*, 30 *Miss.*, 165; and *Keith vs. Horner*, 32 *Ill.*, 524—also hold that this lien is not assignable at all. The doctrine, however, now held in Maryland is, that the vendor's lien may be assigned by *express agreement*, but will *not pass by implication or construction*. *Schnebly vs. Ragan*, 7 *G. & J.*, 120; *Dixon vs. Dixon*, 1 *Md. Ch. Dec.*, 220; *Hayden vs. Stewart*, 4 *Md. Ch. Dec.*, 280; *Watson vs. Bane*, 7 *Md.*, 117.

The decree is ambiguous. It does not appear whether the claims for ground-rent and taxes are included under the adjudged vendor's lien or not. Nor is the amount found due by the decree justified by anything appearing in the proceedings, nor even by any just *surmise* outside of them.

The proceedings being *ex parte*, the cause did not stand ready for final decree without reference to the auditor. Had there been such reference, it would appear how the

amount named in the decree had been ascertained, and there would be no embarrassment in determining whether these claims had been embraced in the pretended vendor's lien, or whether Bell is still liable to suit for their payment. *Bratt vs. Bratt*, 21 *Md.*, 578.

*John Stewart*, for the appellees.

BRENT, J., delivered the opinion of the Court.

The appeal in this case is from a decree of the Court below dismissing a bill of review, filed by the appellant for the purpose of vacating and setting aside a decree, which had been passed against him upon the complaint of Gosnell, one of the appellees. The ground upon which it is asked that this decree may be reviewed, is that there are errors of law apparent upon its face. These are alleged to be,

First. That Gosnell, the complainant, had no vendor's lien upon the land decreed to be sold.

Second. That the decree is so ambiguous, that it is not clear whether the Court included or not, in the lien adjudged, claims for ground-rent and taxes.

And lastly. That the case was not ready for final decree without reference to the auditor.

In determining " errors of law," the bill, answer and other pleadings, together with the decree itself, under the well-established law of this State, will be looked at. Where errors apparent of law are assigned, they must consist of some defect disclosed upon the record, which in law is sufficient to vitiate and avoid the decree. A merely erroneous conclusion or judgment of the Court will not answer. These are the proper subjects of redress upon an appeal, and not by a bill of review—as said by Lord Eldon, 17 *Ves.*, 178, " The cases of error apparent, found in the books are of this sort; an infant not having a day to show cause, &c., not merely an erroneous judg-

ment." With the testimony in this case we have nothing to do, and it has been, very properly, omitted from the record.

Are there any such errors apparent as will vacate this decree?

The original bill in this case does not aver that the deed of conveyance from Perine to Gosnell, exhibited with it, is the evidence of the vendor's lien claimed by Gosnell. That a lien of this description may be assigned by special contract is admitted law, and whenever a decree, which recites, as the present one does, that it is rendered upon the pleadings and *evidence* in the case, is brought under examination by a bill of review, it will be presumed that all necessary and sufficient evidence was offered to support it.

The original bill filed by Gosnell avers that he had a vendor's lien, and, *non constat*, that it was not in proof that it had been assigned to him by a special contract on the part of Perine.

As the bill clearly leaves open the question of vendor's lien for proof, it cannot be successfully maintained that the record in this case presents, for the decision of this Court, the question of such a lien as an error of law apparent upon the face of the decree.

The second objection, that of ambiguity in the decree, must also be overruled. There is nothing contained in it which shows that the amount decreed to be due is for ground-rent or taxes. The prayer of the bill is, that the land mentioned in the deed exhibited may be sold for the lien which the complainant holds as substituted vendor by assignment, and does not embrace either taxes or ground-rent. The decree is not inconsistent with the prayer, and the amount fixed upon and allowed, is a conclusion of fact as to what was the true amount of vendor's lien due, both principal and interest. Being a question of fact, it might have been examined into upon an appeal from the decree,

574 · MARYLAND REPORTS.

but cannot be made the subject of inquiry upon a bill of review assigning errors of law.

We do not perceive that there was any necessity or sufficient reason for referring this case to the auditor. The bill does not allege, as in the case of *Bratt vs. Bratt's Admrx.*, 21 *Md.*, 578, that there were unsettled accounts between the parties, and ask that an account may be taken. There was but a single item charged, being a balance of purchase-money, which was properly the subject of proof, and which the Court, in its discretion, could ascertain without the aid and unnecessary expense of an audit. *Koons vs. Shaffer*, 27 *Md.*; 90.

We do not find any error in the decree of the Court below, and it will be affirmed with costs to the appellees.

*Decree affirmed.*

(Decided 21st December, 1869.)