Burr *v.* Graves.

A. E. Burr et al. *v.* Graves et al.

CHANCERY PRACTICE AND PLEADINGS. *Mechanic's lien. Attachment.* Under a bill filed by a mechanic to enforce his lien for the erection of a building on leasehold property, and the furnishing and erection of machinery and fixtures therein, the attachment may be levied without going on the premises or taking possession of the property.

### FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDowell, Ch.

W. D. Beard for Complainants.

Estes & Ellett for Defendants.

Cooper, J., delivered the opinion of the Court.

The contest in this case is between the complainants and the defendant, Richardson, over a steam engine, boilers and other machinery and fixtures located on leased land, and used for carrying on the business of cleaning cotton.

The Chancellor rendered a decree in favor of the complainants, and the defendant appealed.

The complainants, as mechanics, erected the frame building and furnished and put up the engine, boilers,

Burr *v.* Graves.

machinery and fixtures under a contract with J. R. Miles & Co. The work was accepted on the 10th of June, 1876, the complainants, receiving in payment the notes of Miles, Ely & Co.—one T. S. Ely having in the meantime become a partner. The land had been leased to Miles & Co. for three years from the 1st of April, 1876, the only evidence of the lease being in parol, except a memorandum in writing on the books of the lessor.

On the 15th of March, 1877, the complainants filed their bill to enforce their lien as mechanics on the leasehold interest, building, machinery and fixtures.

The attachment directs the Sheriff to attach the leasehold interest, describing the [interest and the land, "together with the buildings, engines, boilers, machinery, etc., on said premises." The levy was made at 11 o clock A. M., on the 15th of March, 1877, by the Deputy Sheriff in his office without going on the premises or taking possession of any part of the property, by endorsing on the writ, "Levied on all the within described property as herein commanded *instanter.*"

The suit was against the members of the firm of Miles, Ely & Co., and such proceedings were had in it that a final decree was rendered in favor of the complainants for the balance of the debt due for the work, and subjecting the property mentioned in the bill to the satisfaction thereof.

On the 12th of July, 1876, Miles, Ely & Co.,

borrowed from the defendant, Richardson, $10,000, and to secure the payment thereof, conveyed their said leasehold interest, with the building, machinery and fixtures to a trustee, with power to sell on default.

On the 1st of March, 1877, there having been a default .in the payment of the secured debt, the trustee took possession, and on the 15th of March, 1877, sold ,the trust property under the deed, the defendant, Richardson, becoming the purchaser.

The present bill was filed on the 18th of July, 1877, claiming title under the proceedings in the suit to enforce the mechanic's lien. The defendant, by answer and cross-bill, attacked the validity of the proceedings in the lien suit, and the lien itself, and insisted that the defendant had the better title.

The complainants were, under the original contract, entitled to a lien as mechanics for the debt thereby created, on the leasehold interest in the land, the building, engines, machinery and fixtures furnished and erected, for twelve months from the completion of the work: Code, sec. 1981; *Alley* v. *Lanier*, 1 Cold., 540. The lease, even if void as a letting for three years, because not in writing, was good for one year, and the bill was filed before the expiration of the year. The lien is enforced by attachment, and will bind the land, although the owner may convey or otherwise dispose of it: Code, secs. 1985, 1987; *Miller* v. *Mc-*

Burr *v.* Graves.

*Nabb,* 4 Sneed, 422. It may also be enforced by .judgment and execution at law, to be levied on the property subject to the lien: Act of 1873, 19, 1.

The fact that the notes of Miles, Ely & Co., instead of Miles & Co., with whom the contract was made, were taken, and the further fact that one of the notes fell due after the expiration of the year by reason of the three days of grace, cannot be held to operate as a waiver of the lien, for we have positive testimony that such was not the intention of the parties. . Any presumption to the contrary, because of the facts, is clearly rebutted. Whether the acceptance of a note falling due after the expiration of the year, was, to the extent of that part of the debt so evidenced, a waiver of the lien, it becomes unnecessary to enquire.

It is conceded by the complainants that they were not the holders of that note at the filing of this bill to enforce the lien, and that they are, consequently, not entitled to charge it upon the property by virtue of their attachment. One of the other notes had been assigned to an assignee, with notice of the lien, and had been again taken up by the complainants. Their right, as well as the rights of the assignee to the benefit of the lien for this note, if he had taken the proper steps while owning it, cannot admit of doubt: Code, sec. 1989.

The only question of real difficulty in the case

is whether the levy of the attachment was good as against the defendants. Independent of statute, a leasehold interest in land should be levied on and sold as personal property, and so of the building and fixtures set in and attached to the soil. A mere paper levy without more would not be good: Freeman on Ex., sec. 260. It would be otherwise with a levy on real estate proper: *Id.*, sec. 280. And, when a lien exists, Mr. Freeman treats the levy as a mere form, and this is the result as to a mechanic's lien by the Act of 1873, 19.

Our Code provides that the word "land," whenever used in the compilation, shall be held to include lands, tenements and hereditaments, and all rights thereto and interests therein: Code, sec. 51. The words "real estate" are given by the same section, the like extensive meaning; and, as a consequence, it has been held that a statute which protects the interest of the husband in the real estate of the wife from the husband's creditors, protects a like interest in the wife's leasehold: *Kelley* v. *Shultz*, 12 Heis., 218.

It had previously been held that the lien given by the Code, sec. 1981, to a mechanic upon the "lot of ground or tract of land" on which improvements were made, extended to the leasehold interest in the lot or land of the person contracting for the work: *Alley* v. *Lanier*, 1 Cold., 540. And without the aid of the statute, the vendor's implied lien for purchase money has been ex-

Burr *v.* Graves.

tended to a leasehold interest: *Choate* v. *Tighe*, 10 Heis., 621. See, to the same effect, *Richardson* v. *Bowman*, 40 Miss., 783, and *Bratt* v. *Bratt*, 21 Md., 578.

It is obvious, therefore, that under a statute which gives a lien on land, and is construed to include a leasehold interest, the levy is intended to be uniform for all land, and that the same levy which would be good upon land proper, meaning the entire fee, would be equally good as to any interest in land subject to the like lien enforceable by the like attachment. The statute gives the lien on "the building, fixtures or improvements," as well as the "lot or land," to be enforced by similar attachment: Code, sec. 1985. The levy, which would be good as to the land, must be equally good as to the buildings, fixtures and improvements, at any rate so long as they remain attached to the soil, although severable : *Guthrie* v. *Jones*, 108 Mass., 191 ; *Pemberton* v. *King*, 2 Dev., 376. The statute makes no distinction in the case, and it would not only be a useless refinement for the Court to draw a distinction, but might lead to inconvenient results. The lien is favored by the Legislature, and should not be hazarded by dangerous niceties in its enforcement. It is not so much the attachment as the lien which third persons are required, at their peril, to take notice of. This is rendered plain by the Act of 1873, which actually dispenses with the attachment at law. Any person claiming under the

original contracting party must stand in his shoes
and an attachment good as to the latter ought to
be good as the former.

There is no error in the decree of the Chan-
cellor, and it must be affirmed with costs.