PINKSTON ET UX. *v.* SWIFT ET UX.

[No. 222, September Term, 1962.]

348

*Decided April 29, 1963.*

*Motion for rehearing filed May 27, 1963, denied June 14, 1963.*

The cause was argued before Brune, C. J., and Prescott, Horney, Marbury and Sybert, JJ.

*Jack Pinkston* for the appellants.

Submitted on brief by *Edward W. Cockrell* for the appellees.

Sybert, J., delivered the opinion of the Court.

This is an appeal from an order entered on July 27, 1962 denying a petition to vacate a decretal order of May 25, 1961 which refused specific performance of a lease-option agreement, and dismissing a bill of review filed to set aside the same decretal order.

The appellants, Jack Pinkston and wife, leased from the appellees, Theodore S. Swift and wife, a house and lot in Silver Spring, Maryland, for six months from June 1, 1959 at $140.00 per month. The written lease provided that the appellants could, at their option, purchase the premises for $24,000.00 upon pay-

ment of a deposit of $5,000.00 to the appellees on or before November 30, 1959, with all of the rent theretofore paid to be credited to the $5,000.00 payment, and settlement of the balance to be had within 30 days. According to the appellants, the appellees were in the process of making certain renovations and repairs to the premises at the time the lease was executed, and although the contract was silent on the subject, the appellants maintain that the appellees agreed, as an inducement for the signing of the contract by the appellants, that they would complete the work already in progress at their own cost. Having paid their rent for six months, the appellants, on November 30, 1959, sought to exercise their option to purchase by a letter so notifying the appellees and by allegedly depositing $4,160.00 ($5,000.00 less $840.00 rent paid) in an escrow account in a bank. Subsequently the appellants filed a bill for specific performance seeking a conveyance of the property and praying that the appellees be required to make certain repairs and renovations mentioned in the bill, or, in the alternative, that the appellants be authorized to make such repairs and renovations, with the cost thereof to be deducted from the purchase price of the property.

Appellees filed an answer denying that they had made any agreement concerning repairs which induced the appellants to execute the lease, and denying that appellants had effectively exercised their option to purchase in accordance with the terms of the contract. They prayed that the bill be dismissed, that appellants be required to vacate the premises and to pay rent until they should do so, and that the appellants be ordered to make such repairs to the property as might be required for them to surrender the premises to the appellees in as good condition as when received, in accordance with the terms of the lease.

The case came on for hearing before Judge Shure in the Circuit Court for Montgomery County on February 21, 1961. Mr. Pinkston, who is an attorney and represented himself and his wife throughout these proceedings, made an extended opening statement, as did counsel for the appellees. Mr. Pinkston then called to the stand Mrs. Swift, one of the appellees, and questioned her at some length concerning the condition of the property at the time the lease was entered into. He also introduced seven exhibits, consisting of the lease and six letters between

counsel, mainly concerned with the matter of repairs to the premises. Thereupon, after considerable discussion between the court and the attorneys as to the facts and issues involved in the case, counsel for both sides agreed that there was little dispute as to the facts and concluded that the divergence of opinion existed only as to the law. Thereupon the Chancellor said to counsel, "The facts apparently are clear", to which Mr. Pinkston replied, "That is entirely right, your Honor." The Chancellor then suggested that both counsel submit memoranda on the law, stating that if he thought additional testimony were needed it would be taken, and that if counsel wished to put on further testimony he would consider it. Several days later both counsel submitted memoranda, neither requesting the taking of further testimony. The court, on May 25, 1961, filed an opinion finding that the appellants' purported exercise of the option was ineffectual because they had not paid the deposit money to the appellees, as provided by the contract, but instead had allegedly deposited it in an escrow account in a bank, and because appellants had expressly sought to attach certain impermissible conditions to the exercise of the option. Filed with the opinion was a decretal order which dismissed the bill for specific performance, ordered the appellants to deliver the property back to the appellees in the same condition as received, reasonable wear and tear excepted, and rendered a judgment in favor of the appellees against the appellants for $2,520.00, representing rent which had accrued since November 30, 1959.

On June 7, 1961 appellants filed a "Motion that Opinion and Order be Set Aside, and for Resumption of Hearing Herein". The Chancellor refused to strike out the order, but set a hearing on the petition for June 21, 1961. However, on the day of the scheduled hearing, the appellant, Jack Pinkston, contacted the judge, stating that no additional hearing was desired and that he was taking no further action. A formal withdrawal of the motion was filed in the case on June 23, 1961.

Appellants sent to the attorney for the appellees a check in the amount of $2,520.00 bearing the legend on its face that it was in "complete settlement" under the order. This, however, did not terminate the controversy. On July 20, 1961 the ap-

pellants filed in the same case a "Petition to Vacate Opinion and Order" of May 25, 1961 after appellees had allegedly refused to accept their check and demanded an additional $3,141.99 to cover extensive damages to the property allegedly caused by the Pinkstons during their occupancy. On August 29, 1961 appellants also filed a bill of review to set aside the decretal order of May 25, 1961. The petition to vacate and the bill of review were heard together and on July 27, 1962 a memorandum opinion and an order denying both were filed. The Pinkstons took this appeal from that order.

The order filed on May 25, 1961 was in the nature of a final decree; like the order in *Pugh v. Waclawski,* 211 Md. 346, 127 A. 2d 376 (1956), "it contained no reservation of equities or power of further direction, but was final upon the rights of the parties." (p. 350 of 211 Md.). Hence, under Maryland Rule 671 a it became enrolled "from and after the expiration of thirty days" from its date.

Under Rule 625 a court has full revisory power over a decree for a period of thirty days after its entry, "or thereafter pursuant to motion filed within such period". The rule also recognizes the revisory power of a court, after enrollment of a decree, in cases of "fraud, mistake or irregularity". As a general rule an enrolled decree may not be reopened or set aside except upon a bill of review for error apparent on the face of the decree or for newly discovered evidence, or upon an original bill for fraud. However, if a case has not been heard on its merits, an enrolled decree may be set aside on a petition filed in the original proceeding where there is a showing that the decree was entered by surprise or mistake, or where the circumstances are such as to satisfy the court in the exercise of a sound discretion that the enrolled decree should be set aside. *Cramer, Trustees v. Wildwood Co.,* 227 Md. 102, 107, 175 A. 2d 750 (1961) ; *Kennard v. McKamer Realty Co.,* 224 Md. 490, 496, 168 A. 2d 369 (1961) ; *Pugh v. Waclawski, supra* (at p. 351 of 211 Md.).

We think that this case was heard upon its merits prior to the passage of the order filed on May 25, 1961. As noted earlier, counsel made opening statements ; the plaintiffs offered the testimony of a witness and introduced a number of documents ;

counsel argued the facts and the law, and later submitted memoranda to the court. The indicia here were at least as strong as in *Pugh v. Waclawski, supra,* where we ruled that a hearing at which documentary evidence was introduced and counsel heard, although no oral testimony was offered, constituted a hearing on the merits. See also the cases cited in *Pugh.* Since the substantive case was heard on its merits, it is questionable whether the petition to vacate, filed on July 20, 1961, well beyond the date upon which the decretal order of May 25, 1961 became enrolled, could be entertained, in view of the authorities noted above. However, we do not find it necessary to decide the point. The allegations in the petition to vacate and those in the bill of review are virtually identical, and since the Chancellor considered them together, we shall do the same.

The appellants' basic complaint, both in the bill of review and in the petition to vacate, is the fact that the defendants-appellees demanded of them $3,141.99 as reimbursement for alleged damages to the leased property, in addition to the $2,520.00 judgment entered for accrued rent. The appellants allege that they received this demand after they had decided, in effect, to conform to the decretal order, and had withdrawn their original motion to set aside the order and forwarded a check for $2,520.00 to the appellees to cover the judgment, within the 30 day period in which they could have appealed from the order. The demand for $3,141.99 was not made, they say, until some two or three weeks after the time for appeal had expired. It is alleged that the demand constitutes fraud "practiced by the defendants upon the plaintiffs subsequent to the filing of the said Opinion and Order on May 25, 1961", and constitutes evidence newly discovered after the passage of the order. The Pinkston check for $2,520.00 itself shows that it was dated two days before expiration of the appeal period, and, if it was mailed the same day, it would presumably have been received by defendants one day before the end of the period.

We do not think that the facts recited amount to fraud "perpetrated to deceive the court". See *Kennard v. McKamer Realty Co., supra,* and the authorities there cited. In *Kennard* it was said (at p. 497 of 224 Md.) that "In this State it is settled

that in order to impeach a decree for fraud, the deception *practiced in obtaining it* must be clearly established by proof before the propriety of the decree can be investigated." (Italics supplied). Here the matter complained of occurred several weeks after the passage of the decretal order, and obviously pertained to the mode of compliance with the order, and not to its passage. There is no showing that any act of the appellees prevented the appellants from appealing from the order, if they had so desired. Likewise, it is apparent that the matter mentioned does not constitute new evidence of the kind which would warrant setting the order aside.

As errors apparent on the face of the decretal order, appellants cite two mistakes of fact made by the Chancellor in the accompanying opinion, *i.e.,* a recitation that the lease had been prepared by the appellant, Jack Pinkston, although it had actually been drafted by appellees' counsel, and a statement that Mr. Pinkston had testified as to certain matters, whereas in fact he had not been sworn or taken the stand. As to the first, the opinion in a subsequent passage quotes a letter which stated that appellees' counsel had prepared the lease, and, as to the second, the matters referred to were simply some of the facts in the case as to which both sides agreed. It is obvious that the mistakes were inadvertent and that the Chancellor's opinion and order were not influenced by them, and hence they were not errors which, in law, were sufficient to vitiate and avoid the order. *Bell v. Gosnell,* 31 Md. 568 (1869).

The other contentions advanced by the appellants as grounds for setting aside the decretal order, most of which referred to failure by appellees to comply with certain agreements alleged to have been made between the parties in 1959 concerning renovations and repairs, which failure was characterized as fraudulent, were all considered by the Chancellor prior to the passage of the order. The Chancellor properly noted that to have entertained evidence of such matters would have constituted, in effect, a rehearing of the original cause. As noted in *Kennard v. McKamer Realty Co., supra* (at p. 498 of 224 Md.), it was said in *Bachrach v. Washington United Cooperative,* 181 Md. 315, 321, 29 A. 2d 822 (1943), that it is "well settled that a decree assailed on the charge of fraud will not be set aside for any

matter which has been actually considered in the case in which the decree was rendered."

We find no error in the dismissal of the petition and the bill of review. Appellees filed a motion to dismiss this appeal on the ground that in reality it was an appeal from the decretal order of May 25, 1961 and was not timely filed. However, we find that it was noted on August 23, 1962 and was taken from the order of July 26, 1962, dismissing the bill of review and petition to vacate, and therefore the motion to dismiss is denied.

*Order affirmed; appellants to pay the costs.*