## GRAY *v.* GRAY

[No. 238, September Term, 1966.]

*Decided April 12, 1967.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, OPPENHEIMER, McWILLIAMS and FINAN, JJ.

Submitted on the brief by Robert Graham Gray, in proper person, for appellant.

*Earl E. Manges* for appellee.

PER CURIAM.

Appellant's petition, filed July 21, 1964, seeking to set aside a decree granting his former wife, appellee, a divorce *a vinculo matrimonii* on July 30, 1957, was dismissed by the Circuit Court for Allegany County on its merits, the court finding nothing in the record to justify the rescission of the divorce decree rendered some seven years previously.

Appellant's petition alleged that the divorce decree was procured by fraud in that appellant was not aware of the date set for the hearing of the matter before the chancellor and the appellant was thereby denied his right to contest the same.

Notwithstanding the issue of laches on the part of the appellant, the record is completely devoid of any evidence to support appellant's allegations of fraud. At the time the appellee filed her bill of complaint for a divorce *a vinculo matrimonii,* February 6, 1956, the appellant was living in Norfolk, Virginia. An order of publication was duly filed the same day and a decree *pro confesso* signed April 11, 1956. Subsequently appellant filed a petition for leave to file an answer admitting receipt of a copy of the bill of complaint and knowledge of the decree *pro confesso.* Leave was so granted and on May 10, 1956, appellant filed an answer through his attorney. A hearing was scheduled for July 29, 1957, and notice thereof was given to appellant's attorney. On the morning of the hearing, appellant sent the court the following telegram:

"JUDGE YOUR HONOR PLEASE POSTPONE MY DIVORCE CASE UNTIL ANY DATE AFTER LABOR DAY IN ORDER FOR ME TO DEFINE MY CONSTITUTIONAL RIGHTS OF LAW, AND I REQUEST ATT. RYAN ALSO—"

Other than requesting a postponement, which was denied, the telegram is ambiguous; however, it makes no mention of Mr. Ryan's being discharged before the date of the hearing, as appellant now alleges. Counsel for the appellant appeared at the hearing and made a motion to strike his appearance midway through the proceedings, which was denied as being unseasonably made and the divorce was granted. Appellant was notified of the granting of the divorce decree by his attorney and he further, in proper person, endeavored to note an appeal by telegram, but no further action was taken and the appeal was never properly perfected.

At the hearing on the petition to set aside the decree, appellant testified that he came to Cumberland from Norfolk on July 29, 1957, the date the divorce proceeding was heard, and that there was no hearing scheduled. Appellant further testified that he discharged his counsel on March 13, 1956; however, as has already been noted, appellant's attorney appeared in his behalf at the hearing held on July 29, 1957.

Rule 671 a provides: "A final decree, * * * shall be considered as enrolled from and after the expiration of thirty days from date of same." The court's revisory power over an enrolled decree is limited to cases of "fraud, mistake, or irregularity." Rule 625 a. It is settled Maryland law once a decree has been enrolled it may be reopened or set aside only upon a bill of review for error patent upon the face of the decree, or upon the allegation of newly discovered evidence, or upon the filing of an original bill for fraud. Here the appellant has alleged fraud but has attempted to reopen the decree by petition and not by an original bill. However, there are two recognized exceptions to the above stated rule which allow an enrolled decree to be attacked by petition. The first is where there is a showing that the decree was entered by surprise or mistake; the second is where the circumstances warrant the court to use its sound discretion and set aside the decree; however, these exceptions are only applicable if the case, in which the decree was rendered, was not heard upon its merits. *Pinkston v. Swift,* 231 Md. 346, 351, 190 A. 2d 533, 536 (1963); *Cramer, Trustees v. Wildwood Co.,* 227 Md. 102, 107, 175 A. 2d 750, 753 (1961); *Kennard v.*

*McKamer Realty Co.,* 224 Md. 490, 496, 168 A. 2d 369, 372 (1961).

At bar the original divorce proceeding was heard upon the merits at which appellant was represented by counsel; thus the two exceptions to the general rule discussed above will not better the appellant's position. Assuming, *arguendo,* that appellant's petition was to be deemed an original bill for fraud, the facts as recited above amply show that there was no fraud practiced upon the appellant. The appellant admitted receiving a copy of the appellee's bill of complaint for divorce, a hearing was held at which he was present through counsel and he knew of the passage of the decree in ample time to note an appeal, as demonstrated by his abortive attempt to do so. On the basis of these facts the chancellor had no choice but to dismiss appellant's petition.

*Order affirmed, with costs.*