## SUPERIOR COURT OF BAL-TIMORE CITY

Filed July 13, 1891.

### MARY E. GRIFFITH

### VS.

### JOHN L. V. GRAHAM, EXECUTOR OF THE LAST WILL OF AMELIA DOYLE, DECEASED.

*Richard B. Tippett & Bro.* for plaintiff.

*Findlay & Mackenzie* for defendant.

STEWART, J.—

This suit was brought by the plaintiff against the defendants as executor of the last will of Amelia Doyle, deceased. The account filed with the declaration is made out against the estate of Amelia Doyle, John V. L. Graham, executor, and on its face purports to be for nursing deceased and attention during sickness. The affidavit sets forth that there is justly due and owing by the defendant, as executor of Amelia Doyle, deceased, the sum stated in the account annexed.

The defendant duly appeared by counsel, but having failed to file a plea with affidavit as required by Section 167, of Article 4, of the Code of Public Local Laws, judgment by default for the amount of the claim was entered and extended against the defendant as executor of Amelia *Dorsey*, deceased, on 27 May, 1891. Immediately thereafter, the defendant moved to strike out the judgment by default and the extension of the judgment, for various reasons set forth in the motion. It is evident from an examination of the pleadings, that the judgment by default in this case was improperly entered.

The declaration and affidavit should agree, but in this case it would be in vain to find out from reading the one, that services rendered the deceased testatrix were involved in the suit; while in reading the other, it is equally vain to discover that the defendant is in any way connected with the services for which suit is brought, except in his representative character. Each of the six counts in the declaration sets forth transactions with the defendant, while the affidavit alleges that the services were rendered to a person, now deceased, of whose last will the defendant is executor. In a case of this character, the Code of Public General Laws has made provision (Art. 75, Sec. 96) that causes of action may be stated against executors and administrators in the same manner as if they were the original parties thereto, except that proper words *must* be used to show that the claim was against the deceased in his lifetime. The only count in the declaration on which a recovery could be had is the second, "for work done and materials furnished for the defendant at his request," which should have read "for work done and materials provided for the defendant's testatrix in her lifetime, at her request."

If a demurrer had been filed to the declaration it would have been sustained, and the plaintiff would have had to amend the same, so as to conform to the requirements of the law. The point was raised in the argument on this motion, whether a judgment by default could be rendered against an executor for want of an affidavit of defence. The oath required could only be made by a party having personal knowledge of the facts set forth therein, and as an executor could rarely have the knowledge which his testator possessed in regard to his business transactions, it would be almost an impossibility that he should be able to prevent a judgment against an estate represented by him, if he be required to say on oath that every plea which he may file, denying the merits of the claim for which suit is brought, is true.

The Court of Appeals, while not deciding the question, because the point was not raised in the case, has very broadly intimated in May vs. Wolvington, 69 Md. 124, that the affidavit required of defendants under the above mentioned section of the Code does not apply to cases in which the defendants are executors. In regard to the question whether a judgment rendered against the executor of Amelia *Dorsey* can be entered in the dockets and records of the court in a suit against the executor of Amelia *Doyle*, an interesting point has been discussed.

It seems that the motion for the judgment was not signed by the plaintiff's attorneys, but was signed in their name and with their consent, by one of the deputy clerks in the office of the clerk of this court, and it is contended that this action of a deputy clerk is irregular and unlawful. The law (Art. 4, Sec. 163, of the Local Code) says distinctly that judgment by default for want of a plea shall be entered by the court, *or clerk thereof*, upon motion in writing made by the plaintiff, *or his attorney*. The General Law (Art. 10, Sec. 15) says that no clerk of any Court shall practice as attorney at law in any of the Courts of this State whatsoever, nor shall any deputy clerk of any Court, practice as attorney at law in any Court of this State, *of which he is an officer*, or to which he may be attached as a deputy or assistant officer.

If a clerk be permitted to act as the agent of the plaintiff's attorney in making a motion for a judgment by default, in his capacity as clerk it is not difficult to perceive that such power, if recognized by the Courts, will soon lead to abuse. While no evil may have arisen from such action heretofore, if it has been practiced, as alleged, the practice is fraught with danger and should be discontinued. The clerk owes it to himself and to the due administration of the law that the spirit, as well as the letter of the law, should be observed and that no motion should be filed, except signed as the law requires by the plaintiff or his attorney. Other points than those above mentioned were raised by the defendant, but as they relate to the merits of the case and are more properly subjects for discussion before the jury, the Court declines to express an opinion upon them. It follows from what has been said that the judgment by default was irregularly entered and that both the judgment and the extension thereof must be stricken out.