CAVEY, ET AL. *v.* SRNEC

[No. 195, September Term, 1969.]

*Decided January 13, 1970.*

The cause was argued before HAMMOND, C. J., and MC-WILLIAMS, FINAN, SINGLEY and DIGGES, JJ.

*Joseph P. Rieger,* with whom were *Joseph W. Spector* and *Spector, Lembach & Rieger* on the brief, for appellants.

No brief filed on behalf of appellee.

McWILLIAMS, J., delivered the opinion of the Court.

This oddity comes to us by way of the Superior Court of Baltimore City. On 8 September 1967 the appellee (Srnec) barged into the left rear of Katherine Cavey's car. Both were westbound on Franklin Street. In late May 1968 she and her husband, Robert, filed suit against Srnec. In the "first cause of action" Katherine claimed $50,000 for her "physical pain and mental anguish;" in the "second cause of action" Robert claimed $10,000 for the loss of Katherine's services and medical expenses incurred as a result of her injury; in the "third cause of action" both Katherine and Robert claimed $20,000 for the "loss of consortium." The case came on for trial in March 1969 before Cullen, J., and a jury. According to the docket entries the trial ended in a "Verdict in favor of * * * [Katherine] for the sum of $200 and in favor

of * * * [Robert] for the sum of $400 and costs." On the same day, 27 March, "Judgments on Verdicts Nisi" were entered.

On the day following Katherine filed a motion for a new trial "as to damages only" for the reason that the verdict in her favor represented only the "fair value of her wages for loss of time" and gave no award "whatever for pain and suffering." In his supporting memorandum counsel for Katherine said, "That she will have a 25% permanent disability to her cervical spine was never contradicted." The docket entry for 1 April 1969 is as follows:

> "Judgment absolute in favor of * * * [Robert] for the sum of $400 with interest and costs of suit."

A few days short of two months later, 26 May, Judge Cullen sent to counsel the following letter:

> "Gentlemen:
>
> "The Court has given careful consideration to the Motion for New Trial filed in the above entitled cause.
>
> "The decision on this Motion has been withheld hoping the parties could settle the matter between themselves, which apparently cannot be done.
>
> "This Court will grant a new trial based on the fact that the amount of damages awarded by the jury were inconsistent with the verdict.
>
> James K. Cullen"

The docket entry for 26 May shows "* * * [Katherine's] motion for new trial GRANTED (CULLEN, Judge)."

On 25 June counsel for Srnec filed the document set forth in full below:

> "This Petition by Ernest Srnec, Defendant by James B. Wheatley, his attorney, respectfully states:

"1. The Court passed an order granting a new trial in this matter.

"2. Subsequent to the Order the Plaintiff, Robert Cavey has requested payment of the judgment rendered in his favor by the Jury, and the Plaintiff, KATHERINE E. CAVEY, has indicated the intention of having the New Trial based on the question of damages only.

"3. The Defendant believes that the question arises as to what issues and to what parties the new trial applies. Is it to be tried de novo on all issues as to all parties, or is it granted as to one Plaintiff alone, and on what issues? If it is not granted as to Robert Cavey, can the 'Third Cause of Action' in the Declaration be pursued?

"WHEREFORE, the Defendant requests that the Court pass an order clarifying its Order granting a New Trial, and that the Court Order such other and further relief for the Defendant as in the judgment of the Court may be proper.

James B. Wheatley,<br>Attorney for Defendant."

On the same day, 25 June, Judge Cullen sent to counsel the following letter:

"Gentlemen:

"I can understand that there may be some confusion as to the action of the Court in granting a new trial in the above entitled cause.

"This Court believes, after examination of its notes, that the amount of damages awarded by the jury showed a lack of understanding of the issues involved in the case. The Court meant by its previous Order and does hereby grant a new trial (trial de novo) on all issues and as to all parties.

James K. Cullen"

The docket entries for 25 June are as follows:

"Defendant's Petition for Clarification of Issues to be determined at New Trial filed."
"Court's Clarification of Issues, as requested by Defendant's Petition. Letter of Court filed (CULLEN, Judge)."

Both the copy of the Petition for Clarification and the copy of Judge Cullen's letter were received the next day by counsel for the Caveys who, until then, had been unaware of either the petition or the letter.

Srnec filed neither a motion *N.O.V.* nor a motion for a new trial. His only response to the verdicts and Katherine's motion for a new trial was the "petition for clarification." In this Court, there is neither brief nor appearance for him. The transcript of the record contains neither the testimony of the witnesses nor the court's instructions to the jury.

I.

Robert invites our attention to the absence of any allegation (or proof) of fraud, mistake or irregularity in the entry of his judgment. This being so, he argues that Judge Cullen had no power or authority to strike out his judgment, a necessary consequence of the granting of a new trial. That Robert is right requires only the citation of Maryland Rule 625; *Hale v. Cramer*, 254 Md. 592 (1969); *Household Finance Corporation v. Taylor*, 254 Md. 349 (1969); *Himes v. Day*, 254 Md. 197 (1969); *Grantham v. Prince George's County*, 251 Md. 28 (1968); *Murray v. Fishman Construction Company, Inc.*, 241 Md. 538 (1966).

II.

Katherine's case points up some sticky problems in procedure. Rule 567 c empowers the court to grant a new trial in respect of any "severable part of the matters in controversy, or only some or one of the parties" and to enter "final judgment as to the remaining parts or parties." While there seems to be no rule allowing the filing

of a motion for a new trial limited to a single issue, *e.g.*, damages, neither does there seem to be any restriction against so doing. But, as matters now stand, it is clear that such a motion does not limit the court's powers in this regard to the granting only of the limited new trial asked for. Obviously this puts counsel in a delicate and perhaps perilous position. In the case at bar, for instance, Katherine's motion could result in a new trial limited to damages or to a new trial on all issues from which she very well might emerge empty-handed. If we assume that the court in granting the new trial limits it to damages only, then there arises the question of the effect of Rule 567 e on the adjudication of liability. Is the plaintiff then entitled to have the clerk "enter final judgment as of course," on the issue of liability only; and what, for instance, might be the effect of a motion limited to damages only on the right to have a final judgment entered "as of course" on the issue of liability? The court has the power to deal with the entry of final judgments "as to the remaining parts or parties," Rule 567 c, but it does appear that some thought should be given to the question whether the court's discretion ought to be controlled or limited, and to what extent, if at all, by what a party asks for in a motion for a new trial. We shall direct the Rules Committee to look into it.

In the case at bar the situation is unclear, perhaps even a little foggy. Katherine's motion states unequivocally that it is "for a new trial as to damages only." As Judge Cullen stated in his letter of 26 May, he gave her motion "careful consideration." He went on to say that he would "grant a new trial." It is uncertain, however, whether it was his intention, on that date, to grant a new trial limited to damages only or a new trial as to all issues, including liability. A month later he said he meant to "grant a new trial (trial de novo) on all issues and as to all parties." The clerk's docket entry dispels none of the fog. It states simply that Katherine's "motion for new trial [has been] GRANTED." Srnec's petition alleges doubt and confusion on his part. Judge Cul-

len in his letter of 25 June concedes "there may * * * [have been] some confusion." All things considered, the circumstances suggest that Judge Cullen himself may have been confused. If this were not so he would have realized, we think, that he was without the power to disturb Robert's judgment short of a showing of fraud, mistake or irregularity. We shall remand the case so that Judge Cullen can consider Katherine's motion with all facts and circumstances seen in proper perspective. It will be entirely within his discretion, of course, to deny her motion, to grant a trial *de novo*, or to grant a new trial on the issue of damages only. It seems clear to us, however, despite the scanty record, that we have here the kind of situation this Court had in mind when it promulgated Rule 567 c. Srnec's liability has twice been determined by the jury, once in Katherine's case and for the second time in Roberts' case. This is also true in respect of the absence of contributory negligence on the part of Katherine. We doubt that the rehashing of these issues would serve any useful purpose. Indeed, Srnec seems resigned to this since he moved neither for a new trial nor for a judgment *N.O.V.* Nor has he bothered to contest the issue in this Court. The case is in a posture which clearly calls for the application of the discretion conferred by Rule 567 c.

> *Neither affirmed nor reversed.*
> *Case remanded for the reconsideration of Katherine Cavey's motion for a new trial.*
> *Costs to be paid by appellee.*