May *vs.* Wolvington.

(Decided 12th June, 1888.)

WILLIAM H. MAY, Surviving Executor of WINFIELD M. SIMPSON *vs.* JAMES W. WOLVINGTON. Same *vs.* Same.

*Judgment by Default stricken out — Mistake of Clerk in Filing pleas in Wrong suit — Errors of a Ministerial officer of the Court — Affidavit to Pleas — Act of 1886, ch. 184, sec. 170 — Practice in the Courts of the City of Baltimore — Executor.*

Two suits were brought on the same day against the same two executors on two notes of their decedent, separately, by the plaintiff. Two writs were handed to the defendants' attorney, on which he admitted service, supposing them to be for the executors, one for each, in one suit. Only one copy of a declaration was served on him, which he concluded was for the whole indebtedness. He thereupon prepared pleas to controvert the entire claim, and delivered them to the clerk of the Court, who filed them in the suit wherein no copy of the declaration had been served on him. Subsequently a judgment by default for want of a plea was entered in the other suit. HELD:

That the judgment by default should be stricken out, and the pleas should stand, and be taken as filed in that suit.

When an attorney delivers his pleas to the clerk of the Court, properly entitled, with a direction in writing to file them, he can do nothing more, and he will not lose the benefit thereof, if, by mistake or inadvertence, the clerk files them in a case to which they are not directed.

When a party has complied with all the requirements of the law, he will not be punished for the errors of a ministerial officer of the Court.

Where in an action against executors, on a note of their decedent, one of the pleas asserts that the claim of the plaintiff has been fully satisfied and paid, the affidavit to such plea under section 170 of the Act of 1886, chap. 184, that states that the plea is true, need not in addition state "the amount of the plaintiff's demand, if any thing, admitted to be due or owing, and the amount disputed."

The long established practice in the Courts of the City of Baltimore, that a defendant is not required to plead to a declaration unless a copy thereof has been served on him, has not been changed by the Act of 1886, ch. 184.

*Quaere,* whether the affidavit mentioned in section 170 of the Act of 1886, ch. 184, is applicable to an executor, who seldom has personal knowledge of his testator's indebtedness, and who is not bound by his official duty to have such knowledge?

APPEAL, and appeal as on Writ of Error, from the Court of Common Pleas.

James W. Wolvington brought suit in the Court of Common Pleas against William H. May and John W. Massie, executors of Winfield M. Simpson. No plea appearing to have been filed in the cause, the plaintiff moved for, and obtained a judgment according to the terms of the Act of 1886, ch. 184, sec. 170. May, who is styled the surviving executor of Simpson filed a petition praying that the judgment might be stricken out, and that he might have leave to file the necessary pleas in the case. At the hearing of the petition, Parry L. Downs, a witness in behalf of the petitioners, testified that he was an attorney at law, and that he was em-

ployed by them to defend a suit which the plaintiff threatened to bring against them as executors of Simpson, on two notes of deceased, held by plaintiff; that in conversation with the plaintiff, he, Downs, told him that the executors had a defence to the two notes, which they thought that they could sustain; that on the twenty-eighth of October, 1887, a deputy sheriff of Baltimore City asked him to admit service of two writs for the said executors at the suit of Wolvington; that thereupon he admitted service on the writs, which he supposed were for the executors, one for each; that the deputy sheriff left with him but one copy of a declaration, which he concluded was for the whole indebtedness; that he immediately took the declaration to the office of Mr. Hughes, a member of the bar whose aid he desired in the trial of the case; that Mr. Hughes gave him the special plea, hereinafter mentioned, and also a plea of *plene administravit*, which pleas the witness took to his office and incorporated them in the paper containing the other pleas to the declaration, to which he attached an affidavit, and thereupon filed them with the clerk of the Court; that these pleas he had prepared to file to the entire indebtedness and had so intended in filing them; that subsequently he observed in a newspaper that judgment had been entered against the defendants in favor of the plaintiff; that on enquiry he learned that two suits had been brought on the same day against the defendants by the plaintiff on two notes; and that the pleas had been filed by the clerk in the suit wherein no copy of the declaration had been served on witness; that the whole indebtedness alleged to be due was about a thousand dollars; that the copy of the declaration claimed an indebtedness of a thousand dollars; that the note mentioned in the declaration was for a thousand dollars and the declaration showed no credits on the note.

The papers in the other suit were produced, by which it appears that four pleas were filed by the defendants under oath on the fourteenth of November, which was the rule day to which they were summoned. These pleas were *never indebted; never promised; plene administravit;* and a fourth plea as follows:

"Fourth. And that heretofore, to wit, on or about — day of —, 1887, the plaintiff offered, contracted and agreed with the defendants to accept in payment and satisfaction of all then due to the plaintiff from the estate of Winfield M. Simpson, of which the claim set forth in the declaration is a part, a certain leasehold lot of ground and improvement situated in Baltimore County, which lot of ground is described as follows: (Here follows description of the property,) and that subsequently thereto said lot of ground and improvements were advertised for sale by the attorney named in said mortgage, by reason of default on part of the mortgagee in complying with the condition of said mortgage, and that thereupon the plaintiff agreed with the defendants that said property should be sold by said attorney, and that said plaintiff would purchase same at said sale, to be in lieu of conveyance from plaintiff to defendants, and to be in satisfaction of all indebtedness aforesaid; and that thereupon the said plaintiff purchased said leasehold lot of ground and improvements at said sale, and said defendants refrained from doing anything to prevent sale of said property, and said plaintiff is entitled to the residue of proceeds derived from said sale, and that in consequence of the aforegoing agreement, and the performance thereof, the plaintiff has been satisfied and paid as to the claim set out in the declaration aforesaid." The sheriff's return in each case was as follows: "summoned *ambo:* copy left."

The judgment by default was rendered on the thirtieth of November and final judgment on the fifth of

May *vs.* Wolvington.

December. On the seventeenth of December the petition was filed to strike out the judgment.

The Court dismissed the petition and the defendants appealed, and also brought the record up as on writ of error.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, BRYAN, and MCSHERRY, J.

*Thomas Hughes,* for the appellant.

*Benjamin Kurtz,* for the appellee.

BRYAN, J., after stating the case as above, delivered the opinion of the Court.

There was no necessity whatever for instituting two suits at the same time to recover the indebtedness alleged .to be due from the defendants to the plaintiff. Mr. Downs testifies that he supposed that there was only one suit; and that only one copy of a declaration was served on him. Whatever mistakes may have been made by him in these respects, it is abundantly clear that he intended to resist for his clients the payment of every portion of the plaintiff's claim. He did not know of the existence of any suit except the one now under consideration, and the pleas which he filed were intended to be defences to this identical suit. It is true, he intended to controvert the claim of the plaintiff in its entirety; but in consequence of its being divided into two suits, his purpose could not be attained by one set of pleas. It was his misfortune that the existence of the second suit escaped his observation; but nevertheless there is no conceivable reason to suppose that he did not intend to resist the only suit which was known to him. He filed his pleas promptly on the return day, and denied

utterly the existence of any indebtedness whatever. The significance of this step cannot be mistaken.

When an attorney delivers to the clerk his pleas properly entitled, with a direction in writing to file them, he can do nothing more. If by mistake or inadvertence, the clerk files them in a case to which they are not directed, he is not by any means to lose the benefit of them. When a party has complied with all the requirements of the law, there is no rule of right reason which would punish him for the errors of a ministerial officer of the Court. These defendants have done nothing to forfeit the invaluable privilege of being heard in their own defence. It is but simple justice that they should have the benefit of their pleas. They must be considered as filed in the proper case. They were, in legal effect, filed therein. The fact that the clerk placed them in the wrong bundle of papers, and made the docket entries in the wrong suit, has no more effect in defeating the rights of the defendants, than if he had mislaid them in any other way; or had lost them.

It has been said that if these pleas had been regularly filed in the cause, they would not have prevented the rendition of the judgment. And it is alleged as a reason for this conclusion, that the affidavit does not pursue the terms prescribed by the one hundred and seventieth section of the Act of 1886. The plea of *plene administravit,* if true, is a complete protection to the defendants against all personal liability; the plaintiff being entitled, if the plea should be found for defendants, merely to a judgment *quando.*

But the fourth plea asserts that the claim of the plaintiff has been fully and completely satisfied and paid. Now the affidavit states that every plea is true, and that the affiant believes that the defendants will be able at the trial of the cause to produce sufficient

evidence to support the said pleas, and that he is advised by counsel to file them. It would certainly be surplusage to insert in the affidavit a statement of the "amount of the plaintiff's demand, if anything, admitted to be due or owing, and the amount disputed." This statement would be a verbal compliance with the terms of the Act; but it could add nothing to the meaning of an affidavit setting forth that a plea was true, which explicitly averred the complete satisfaction and payment of the plaintiff's claim. We therefore hold that the learned Court committed an error in refusing to strike out the judgment in question. The judgment should be stricken out, and an order should also be passed directing that the pleas should stand and be taken as filed in this case on the fourteenth of November, 1887; and that they should have force and effect as if so filed on that day.

We have not overlooked the legitimate effect of the sheriff's returns. They are the official acts of a public officer in the course of his duty; and as such, each return is *prima facie* evidence against persons not parties to the suit in which it was made. *Gyfford vs. Woodgate*, 11 *East*, 297; *Hyskill vs. Givin*, 7 *Serg. & R.*, 371; *Dutton vs. Tracy*, 4 *Conn.*, 94; *Trigg vs. Lewis*, 3 *Littell*, 129. And in each case in which the return was made, it must be regarded as conclusive, so long as it stands on the record as a valid return. The party affected by it, however, has the right to question it, by a direct attack on it, after notice to the sheriff; and if he can prove to the Court that it is untrue, it is the duty of the Court to quash it. We have said that the pleas must be regarded as filed in the suit now before us; the result is that there are no pleas in the other suit. By long established practice in the Courts of the City of Baltimore, a defendant is not required to plead to a declaration, unless a copy

of it has been served upon him. It is evident from the one hundred and sixty-sixth and one hundred and sixty-eighth sections of the Act of 1886, that it was not the intention of the statute to change this practice. If therefore a copy of the declaration was served on the defendants' attorney in this last mentioned suit, they are in default, but not otherwise.

There is a question to which our thoughts have been somewhat turned; but as it was not argued by the counsel, and was not presented in the Court below, we shall forbear to express an opinion upon it. We mention it in the hope that hereafter it may be discussed before us. It might be supposed that the affidavit mentioned in the one hundred and seventieth section of the Act is required only of a person having knowledge of the facts. An executor would seldom have personal knowledge of his testator's indebtedness; surely is not bound by his official duty to have such personal knowledge. Now the query is, whether this section of the Act is to be construed to require a party to swear to a fact which, ordinarily, he could not personally know; unless it receives this construction it does not apply to executors.

*Judgment reversed, and*
*cause remanded.*

(Decided 13th June, 1888.)

STONE, J., dissented.