ROSE GLICKFELD, PLAINTIFF-RESPONDENT, v. SYLVIA A. VENOKUR, TRADING AS SAVEN MANUFACTURING COMPANY, DEFENDANT-APPELLANT.

Submitted May term, 1937—Decided June 25, 1937.

Before Justices LLOYD, CASE and DONGES.

For the plaintiff-respondent, *Moe A. Litwin* and *David M. Litwin.*

For the defendant-appellant, *Fast & Fast* (*Louis A. Fast*).

PER CURIAM.

The suit grows out of a conditional sales contract between United States Hoffman Machinery Corporation as vendor and Mayfair Dress Company, Incorporated, as vendee. Pos-

session of the goods appears to have come lawfully to the defendant as successor to the interest of the vendee under the conditional sales contract. That seems to have been assumed as a fact at the trial and is consistent with the findings below. There was a default in the payments due under the contract and as an outcome the vendor undertook to sell and did, through the offices of a constable, go through the motions of a sale with the purpose of foreclosing any interest of the vendee or of the vendee's assignee under the contract. Plaintiff herein bought at that sale and thereupon brought this suit in replevin to obtain possession of the goods.

The defendant asserted, at the trial, that the provisions of the Uniform Conditional Sales act, chapter 210, *Pamph. L.* 1919 (2 *Cum. Supp. Comp. Stat., p.* 3129, § 182-87), had not been complied with and that there was, therefore, no valid sale. The District Court judge in awarding the decision to the plaintiff made no finding of fact or, except inferentially, of law on this issue.

More than fifty per centum of the contract price had been paid before the constable's sale. The conditional vendor never retook or repossessed itself of the goods, which before, at the time of and subsequent to the constable's sale were, and still are, in the possession of the defendant. The suit is not the effort of the conditional vendor or its assignee of the conditional sale contract to obtain possession. It is the effort of a purchaser at a so-called foreclosure sale to obtain possession of the goods which, delivered by the vendor to the vendee, were never recovered by the vendor and which the vendor had no authority to sell by the method pursued. The appropriate procedure is to be found in sections 16, 17, 18, 19 and 20 of the Conditional Sales act, *supra.* We conclude that a retaking of the articles by the vendor was necessary under the statute before he could resell upon a default and that the plaintiff has, therefore, failed to establish her right to the possession.

The judgment below is reversed, with costs. The record will be remitted to the District Court with instructions to enter judgment for the defendant.