BERWYN FUEL & FEED COMPANY,
INC. *v.* KOLB

[No. 183, September Term, 1967.]

*Decided April 4, 1968.*

The cause was submitted on brief to HAMMOND, C. J., and HORNEY, MARBURY, McWILLIAMS and FINAN, JJ.

Submitted by *Thomas R. Brooks, Robert J. Schick,* and *Machen & Brooks* for appellant.

No brief filed for appellee.

HORNEY, J., delivered the opinion of the Court.

The question presented by this appeal is whether the trial court, absent a showing of fraud, mistake or irregularity, erred in striking out a judgment by default that had been entered more than thirty days before the filing of a motion to set the judgment aside. We think it did. The plaintiff-appellant is the Berwyn Fuel & Feed Company, Inc. The defendant-appellee is John P. Kolb.

In a declaration based on three of the common counts—goods bargained and sold, work done and materials furnished and money found to be due on accounts stated between them—the plaintiff sued the defendant on May 8, 1963, for $9,441.76 it claimed was due it. The defendant demanded the particulars of the claim on May 20, 1963. And the plaintiff, answering the request for particularization, complied therewith by submitting photostatic copies of the original ledger sheets and vouchers for the delivery tickets on September 30, 1963, but the defendant did not file a plea.

No further action was taken by either party until July 12, 1965, when on motion of the plaintiff a judgment by default was entered against the defendant. On August 25, 1965, forty-three days after the entry of the default judgment, the defendant

filed a motion to set it aside and assigned as reasons therefor that he had a good defense in that the obligation was a corporate debt and not a personal one and that the matter had theretofore been fully adjudicated in proceedings in the Circuit Court for Prince George's County in which a judgment was entered in favor of the defendant, but the motion was silent as to the judgment having been obtained by fraud, mistake or irregularity. Again, no further action was taken for more than a year. In the meantime the clerk of court, for some reason not disclosed by the record, relegated the case to the stet docket where it remained until it was reinstated on the regular docket on March 6, 1967.

When the motion to set aside the default judgment came on to be heard on June 15, 1967, the trial court (Pugh, J.), after hearing the arguments of counsel but no evidence, struck out the judgment on the ground that it "appears to be irregular."

Maryland Rule 625 a, concerning the revisory power of courts over judgments, provides that:

"For a period of thirty days after the entry of a judgment,[1] or thereafter pursuant to motion filed within such period, the court shall have revisory power and control over such judgment. After the expiration of such period the court shall have revisory power and control over such judgment, only in case of fraud, mistake or irregularity."

In its opinion, the trial court, after noting that a final money judgment had not been entered, went on to say:

"Since the motion was filed more than 30 days after the default judgment was entered, it is essential that the court find that the judgment was entered by fraud, mistake or irregularity pursuant to Maryland Rule 625, before the judgment may be stricken. The movant contends that the judgment entered was irregular and fraudulent because the debt sued on was a corporate debt and not an individual debt of the defendant. A

---

1. The rule applies to a judgment by default as well as a final judgment. Armour Fertilizer Works v. Brown, 185 Md. 273.

careful review of the vouchers filed show that six of the vouchers, totaling $1664.75 are in the corporate name and three vouchers totaling $775.62 are in the name of the defendant and [another person]. The only record of the amount of the claim is set forth in the declaration in the amount of $9441.76. Assuming this to be the correct amount of the claim, the total vouchers not in the defendant's individual name amount to $2440.37. There appears to be merit in the movant's claim of irregularity and fraud in obtaining the default judgment since all the vouchers are not in the defendant's name. The record further shows that at all times the defendant was represented by counsel in the case and there is no evidence before the court that defendant's attorney of record was advised of the contemplated action of the plaintiff to take a default judgment."

Although the lower court correctly stated the effect of the rule, it is clear that the rule was misapplied in this case where both the *allegata et probata* are missing. The motion to set aside the judgment did not allege that it had been irregularly or fraudulently entered. Nor is there a semblance of proof, other than the conjecture (which is not evidence) gleaned by the court from the pleadings, to support the belated claim of irregularity and fraud.

As was pointed out in *Tasea Investment Corp. v. Dale,* 222 Md. 474, 160 A. 2d 920 (1960) and in *Murray v. Fishman Construction Co.,* 241 Md. 538, 217 A. 2d 357 (1966), the trial court, besides requiring the party, who moves to set aside an enrolled judgment, to prove that he is acting in good faith and with diligence and that he has a meritorious defense, should also require a showing of such facts and circumstances as will establish the fraud, mistake or irregularity allegedly used to obtain the judgment sought to be vacated.

The finding of the lower court that some of the vouchers were in the name of a corporation and some were in the name of the defendant and another person was at most no more than an indication of error in several of the vouchers. A mere *error,*

which in legal parlance generally connotes a departure from truth or accuracy, *State ex rel. Smith v. Smith,* 252 P. 2d 550, 555 (Ore. 1953) and *Gronseth v. Mohn,* 234 N. W. 603, 604 (S. D. 1931), is certainly not an *irregularity* (under Rule 625), which is usually defined as the doing or not doing of that, in the conduct of a suit at law, which, conformable with the practice of the court, ought or ought not to be done. *State v. Lazarus,* 65 S. E. 270, 272 (S.C. 1909); *State ex rel. Caplow v. Kirkwood,* 117 S. W. 2d 652 (Mo. 1938); *Babb v. City of Wichita,* 241 P. 2d 755 (Kan. 1952); *Black's Law Dictionary* (4th Ed.).

We also point out that the entry of the default judgment, pursuant to Rule 310 b, by the plaintiff without giving notice to the defendant did not constitute an "irregularity" within the meaning of Rule 625. *Pumphrey v. Grapes,* 215 Md. 573, 138 A. 2d 916 (1958). Nor was the attorney for the plaintiff obliged to advise the attorney for the defendant of his intention to enter judgment by default. See Rule 306 b.

The closest case in point to the present case is *Tasea Investment Corp. v. Dale, supra.* There, where the defendant was duly summoned and turned the suit papers over to her insurer who mislaid them and a default judgment was subsequently entered against the defendant, it was held that the allegation of irregularity, based on mistake and surprise in entering the judgment, was not supported by the evidence because it was the duty of the defendant to keep herself informed as to what was occurring in the case. Here, as the record shows, the situation is even worse so far as the defendant is concerned. As in *Tasea,* the defendant in this case was duly summoned and turned his case over to an attorney, but, other than demand the particulars of the debt sued for (which were ultimately furnished), no further action was taken until some forty days after the default judgment had been entered. The attorney not only neglected to file timely pleas but when the motion to set aside the judgment was filed it was not based on allegations of fraud, mistake or irregularity, but on allegations to the effect that the claim was erroneous and, in the alternative, that the matter had been previously adjudicated.

Under the pleadings the appellant is entitled to a final judgment for the amount of its claim. See Rule 310 b; 2 Poe, *Pleading and Practice* (Tiffany's Edition), §§ 365, 366, 368.

*Order striking default judgment reversed; judgment reinstated; final judgment entered for appellant for $9,441.76 with interest from June 15, 1967; appellee to pay the costs here and below.*