## HOUSEHOLD FINANCE CORPORATION
## *v.* TAYLOR

[No. 313, September Term, 1968.]

*Decided June 27, 1969.*

350

The cause was argued before HAMMOND, C. J., and MARBURY, BARNES, FINAN, SINGLEY and SMITH, JJ.

*Robert L. Kay,* with whom were *Harry Protas* and *Protas & Kay* on the brief, for appellant.

*H. Thomas Silk,* with whom were *Laurence Levitan, M. Michael Cramer* and *Paul H. Weinstein* on the brief, for appellee.

SMITH, J., delivered the opinion of the Court.

We are here concerned with interpretation of "mistake" as the term is used in Maryland Rule 625 a. We shall reverse the action of the trial court.

Appellant, Household Finance Corporation (Household), filed suit against appellee, Millard D. Taylor (Taylor), in the Circuit Court for Prince George's County based on the overdue promissory note of Taylor. Appended to the declaration in accordance with Maryland Rule 610 was a motion for summary judgment together with notice to the defendant and an affidavit in support of the motion for summary judgment. Suit was filed March 14. Taylor was served March 20. On May 9 judgment was entered in favor of Household against Taylor. On August 21 Taylor appeared for the first time in the proceeding and filed a motion under Rule 625 to set aside the judgment, claiming that a default judgment was taken against the defendant "through inadvertence" and that defendant believed "the judgment was entered by mistake and * * * gained by fraud."

Taylor stated in his motion that he addressed a letter

to his attorney prior to the time that an answer was due requesting his attorney to file an answer so that a default judgment would not be entered, that his attorney said the letter was not received and for that reason no plea was filed, and that Taylor's first knowledge that a default judgment had been entered against him came when his wages were attached in a District of Columbia proceeding brought on judgment in this case.

The money was borrowed May 14, 1962. The note shows a principal amount of $1003.50 to which "precomputed charges" were added to make a face amount of $1248.00 payable in 24 installments of $52.00 each. Taylor said that although he executed the note it was the debt of his estranged wife, from whom he had since been divorced, that he finally had agreed with Household to repay the note at the rate of $25.00 per month and that Household had agreed to waive interest because he was about to go into bankruptcy. He attached copies of cancelled checks totaling $950.00 covering payments from July 23, 1964, through October 31, 1967, on many of which, interestingly enough, he had entered a declining balance, the last such check showing a balance due of $28.50. Taylor claimed in his affidavit that he had made payments amounting to $1194.50 and that there was a small balance due of approximately $60.00. The judgment was in the amount of $630.08, being principal of $611.13 plus interest of $18.95 from November 2, 1967.

The matter came on for hearing before Judge Ralph W. Powers. In the process of the hearing the trial judge first said:

> "When you have a judgment entered you have got a very heavy burden of showing that that was by mistake or fraud. We are leaving out mistake; it wasn't any mistake because the man wasn't even in court. It leaves it to the question of fraud."

Later, after counsel had pointed out that Household agreed to waive interest because Taylor was on the verge

of bankruptcy, that the original interest was included in the note of $1248.00, that the debt sued on was $611.13 based on a balance due and owing on the note and that Taylor had paid something in excess of $1170.00, the trial judge said:

"I think we could short-cut the whole thing, because the rule [Maryland Rule 610 b] requires a full statement of account, and all there is here is a note and there is no supporting data in the original pleadings showing how the amount claimed of $611.13 was reached. So I would say that the judgment was entered by mistake, because it should not have been, in the absence of that information."

The court thereupon gave counsel for Household an opportunity to answer. He stated that they had in court ledger cards showing the computations upon which the figure of $611.13 was based. The trial judge held that since there was no showing in the case of the basis upon which the debt of $611.13 on a $1248.00 note was arrived at, "* * * the defendant is clearly entitled to have the judgment set aside. It will be reopened and you will be given, each side, ample opportunity to be heard."

The authorities relative to striking out judgment were fully reviewed by Judge Singley for this Court in *Grantham v. Prince George's County*, 251 Md. 28, 246 A. 2d 548 (1968) and by Judge Horney for this Court in *Berwyn Fuel & Feed Co. v. Kolb*, 249 Md. 475, 240 A. 2d 239 (1968). In *Berwyn, supra,* the trial court set aside a judgment on motion entered 43 days after the entry of the judgment. There was a contention that the judgment entered was irregular and fraudulent because the debt sued on was a corporate debt and not an individual debt of the defendant. The trial court found merit in the claim of irregularity and fraud in obtaining the default judgment, since all the vouchers were not in the defendant's name. Judge Horney said for this Court in reversing the action of the trial court:

"As was pointed out in *Tasea Investment Corp. v. Dale*, 222 Md. 474, 160 A. 2d 920 (1960) and in *Murray v. Fishman Construction Co.*, 241 Md. 538, 217 A. 2d 357 (1966), the trial court, besides requiring the party, who moves to set aside an enrolled judgment, to prove that he is acting in good faith and with diligence and that he has a meritorious defense, should also require a showing of such facts and circumstances as will establish the fraud, mistake or irregularity allegedly used to obtain the judgment sought to be vacated.

"The finding of the lower court that some of the vouchers were in the name of a corporation and some were in the name of the defendant and another person was at most no more than an indication of error in several of the vouchers. A mere *error* which in legal parlance generally connotes a departure from truth or accuracy, *State ex rel. Smith v. Smith*, 252 P. 2d 550, 555 (Ore. 1953) and *Gronseth v. Mohn*, 234 N. W. 603, 604 (S.D. 1931), is certainly not an *irregularity* (under Rule 625), which is usually defined as the doing or not doing of that, in the conduct of a suit at law, which, conformable with the practice of the court, ought or ought not to be done. *State v. Lazarus*, 65 S. E. 270, 272 (S. C. 1909) ; *State ex rel. Caplow v. Kirkwood*, 117 S.W.2d 652 (Mo. 1938) ; *Babb v. City of Wichita*, 241 P. 2d 755 (Kan. 1952) ; *Black's Law Dictionary* (4th Ed.).

"We also point out that the entry of the default judgment, pursuant to Rule 310 b, by the plaintiff without giving notice to the defendant did not constitute an 'irregularity' within the meaning of Rule 625. *Pumphrey v. Grapes*, 215 Md. 573, 138 A. 2d 916 (1958). Nor was the attorney for the plaintiff obliged to advise the attorney for the defendant of his intention to en-

ter judgment by default. See Rule 306 b." *Id.* at 478-79. (emphasis in original)

In *Rhodes Co. v. Blue Ridge Co.,* 218 Md. 329, 146 A. 2d 771 (1958) in considering an appeal from an order striking out an enrolled judgment, this Court said:

> "Even if we assume, without so holding, that the court was in error in deciding the motion for summary judgment in favor of Rhodes, such error would not constitute such a mistake as is contemplated by the rule. See *Newark Trust Co. v. Trimble,* 215 Md. 502, 505, 138 A. 2d 919 (1958), and the cases therein cited." *Id.* at 331-32.

We believe *Abell v. Simon,* 49 Md. 318 (1878) is dispositive of this case. In that case judgment had been obtained by confession. An attachment was issued thereon and the garnishee summoned. On the return day neither the garnishee nor the defendant appeared. Judgments of condemnation *nisi* and, finally, of condemnation absolute were entered. Execution was issued on the judgment then obtained. The garnishee moved to strike out the judgment and to quash the execution on the ground of mistake and surprise to him. Our predecessors said:

> "It has been decided repeatedly by this court that in support of a motion to strike out a judgment after the term at which it was entered has passed there must be clear and satisfactory proof of fraud, mistake or surprise, and it is hardly necessary to state again the obvious reasons of public policy and of private right in which this well settled rule is founded. (citing authorities)
>
> "There is no evidence here of fraud practiced on the defendant, and the question and the only question, is whether there is such proof of *mistake or surprise* as will justify the court in setting aside the judgment; and this resolves itself

into whether the attachment was served and the appellant summoned to appear as garnishee of Riddle. If the appellant was summoned and had an opportunity to make his defense and neglected to do so, and judgment was regularly entered, he will not now be heard to say, after the term has passed, that it was obtained by mistake or surprise.

\* \* \*

"We are obliged therefore to say that the record shows the garnishee was summoned. He had his day in court, and an opportunity of making his defense to the demands of the plaintiff. If he failed to do so, the fault lies at his door, and the court has no power after the term has passed to strike out the judgment. It is most desirable of course that there should be an end to litigation, and a judgment is presumed to be a settlement of all matters in dispute in that particular case; and once entered, parties are no longer under the necessity of preserving the evidences upon which their claims rested. By it new rights are acquired, and if stricken out other claims may intervene, and the plaintiff may not only lose his lien, but in many cases the entire debt. The garnishee denies he had anything in his hands liable to this attachment, and it is therefore a hard, very hard case, but to strike out this judgment on a motion made more than two years after it was rendered, and when it appears the garnishee was regularly summoned, would be to break down all safeguards which the law has so wisely thrown around judicial proceedings." *Id.* at 322-24. (emphasis in original)

See also *Thomas v. Hopkins,* 209 Md. 321, 326, 121 A. 2d 192 (1956) and *Himes v. Day,* 254 Md. 197, 254 A. 2d 181 (1969).

Taylor asserts that there was mistake in granting a summary judgment in that appellant failed to attach the ledger card to its affidavit and motion for summary judgment. However, Taylor tacitly admits he was cognizant of the pending suit when he states in his motion to set aside judgment that he "wrote to his attorney prior to the time an answer was due and requested his attorney to file an answer" to avoid a default judgment. His attorney informed him that he did not receive the letter and thus did not file an answer. This state of facts does not relieve Taylor of his duty to assure himself that the matter has been properly handled. In addition, he had thirty (30) days to file a motion to set aside the judgment, but failed to do so. Therefore, he is not now entitled to set aside an enrolled judgment, claiming that it was obtained by mistake or surprise.

> *Order reversed and judgment in favor of Household Finance Corporation against Millard D. Taylor reinstated. Appellee to pay the costs.*