## COHEN ET AL. *v.* INVESTORS FUNDING CORPORATION OF NEW YORK

[No. 146, September Term, 1972.]

*Decided January 3, 1973.*

The cause was argued before MURPHY, C. J., and McWILLIAMS, SINGLEY, SMITH and LEVINE, JJ.

*Joseph B. Simpson, Jr.,* with whom were *Vivian V. Simpson, H. Algire McFaul, Joseph J. D'Erasmo* and *Simpson & Simpson* on the brief, for appellants.

*John L. Moring, Jr.,* with whom were *Robert J. Callanan* and *Callanan, Goff & Moring* on the brief, for appellee.

SMITH, J., delivered the opinion of the Court.

Once again we are involved with the proper application of Maryland Rule 625 a concerning the setting aside of an enrolled judgment. It is to be set aside "only in case of fraud, mistake or irregularity."

Here a party was summoned by service upon a resident agent on January 15. No plea or other responsive pleading was filed until September 14. Conversations took place in the interim between various representatives of the insurance company for one of the defendants and counsel for the plaintiffs. It is apparent that at one time counsel agreed to a 30 day extension until March 12 for the filing of a plea. Plaintiffs' counsel ultimately became disgusted with the insurance company and in effect told its representative that all bets were off. A few days then passed after which on July 16 he moved for judgment by default. This was entered on July 29 and extended on August 24. Pleas were filed on September 14 and a third party complaint on September 20. One may surmise that the defendant and its counsel were oblivious of the judgment until its bank account was attached. More than two weeks passed between the issuance of the attachment and November 2 when appellee filed a motion to

vacate the judgment. Of course, by that time it had become enrolled.

The trial judge vacated the judgment saying that if counsel "felt, as he apparently did or if [counsel] concluded as he apparently did in the early part of July 1971 that he was being led down the rosy path, then, in fairness, when he determined that he was going to take a default judgment, he should have put his adversary on notice," the judge being of the opinion that "it is clear that the defendant was taken by surprise and all this resulted . . . in fraud and irregularity which justifies the Court in ordering that the default judgments rendered in this case . . . be vacated and set aside and that the damages extended by order of [that] Court . . . be vacated and set aside . . . ."

The principles relative to the setting aside of a judgment have been repeated by this Court time and time again. As recently as last June in *Maggin v. Stevens*, 266 Md. 14, 18, 291 A. 2d 440 (1972), we said, "[T]here is no obligation to advise the opposition of an intention to obtain a judgment by default," and in *Temple Hill Church v. Dodson,* 259 Md. 515, 522, 270 A. 2d 802 (1970), we said that the entry of a judgment by default by the plaintiff "without giving the defendant notice does not constitute an 'irregularity' within the meaning of Maryland Rule 625."

"Irregularity" as used in Rule 625 was defined for the Court by Judge Horney in *Berwyn Fuel & Feed Co. v. Kolb,* 249 Md. 475, 479, 240 A. 2d 239 (1968), "as the doing or not doing of that, in the conduct of a suit at law, which, conformable with the practice of the court, ought or ought not to be done." *See also Meyer v. Gyro Transp. Systems,* 263 Md. 518, 528, 283 A. 2d 608 (1971) ; *Penn Central Co. v. Buffalo Spring,* 260 Md. 576, 273 A. 2d 97 (1971) ; *Grantham v. Prince George's County,* 251 Md. 28, 246 A. 2d 548 (1968) ; and *Tasea Investment Corp. v. Dale,* 222 Md. 474, 160 A. 2d 920 (1960). In the

latter case negligence on the part of an insurer as a result of which a default judgment was entered was held not to "justify exercise by the lower court of its *quasi-*equitable power to set aside the judgment."

Insight into the meaning of "fraud" as used in the rule is provided by *Tasea.* There Judge Horney for the Court in commenting in a footnote upon the absence of the words "deceit and surprise" from Rule 625, which words appear in the earlier cases from Chapter 9, § 6 of the Acts of 1787 (*see* 2 Poe, *Pleading and Practice* § 388 at 366, footnote 10 (Tiffany ed. 1925)), said:

> "1. The deletions may be explained by the fact that *fraud,* which is an act of deliberate deception designed to secure something by taking unfair advantage of someone, includes *deceit,* though the latter may not reach the gravity of fraud. And *surprise,* which means a taking unawares, has an affinity with *irregularity* in that the latter implies a departing from an established *rule,* method or usage, which might cause surprise." (Emphasis in original.) *Id.* at 478 of 222 Md.

There was no deliberate deception in this case.

On the issue of surprise, mentioned by the trial judge, we deem apposite the statement of Chief Judge Alvey for the Court in *Bond v. Citizens National Bank,* 65 Md. 498, 4 A. 893 (1886):

> "Then, as to the alleged surprise produced by the entry of the judgment in the judgment record, and failure to enter the same in the original trial docket, and the alleged consequent loss of the right of appeal from the judgment: This, as a ground for striking out the judgment, is wholly untenable. The defendants' attorney could have easily learned of the entry of the judgment by examination of the record, or by

inquiry of the clerk. It does not appear that he did either . . . ." *Id.* at 501.

It is the responsibility of counsel to keep himself apprised of docket entries. *Grantham v. Prince George's County,* 251 Md. 28, 36 and cases there cited. Moreover, in moving to set aside an enrolled judgment a party must "show by satisfactory proof that he is acting in good faith, with ordinary diligence, and that he has a meritorious defense or cause of action, as the case may be . . . ." *Tasea Investment Corp. v. Dale,* 222 Md. 474, 479. In this case the motion to set aside the judgment did not come until approximately six weeks after pleas were filed by the defendant, hardly a showing of ordinary diligence under the circumstances. The "meritorious defense" consists of an allegation that a third party would be responsible to the defendant for any judgment obtained because of the contractual relationship between the defendant and the third party. There is no contention that the defendant is not liable to the plaintiffs on the cause of action filed.

In short, the trial judge erred when he set aside the judgment since fraud within the meaning of the rule was not established, ordinary diligence has not been shown, nor has a meritorious defense been set forth.

> *Order reversed and judgment reinstated with interest and costs from the date of the original entry; appellee to pay the costs.*